**GREENBERG TRAURIG, LLP**
200 Park Avenue
P.O. Box 677
Florham Park, New Jersey  07932-0677
(973) 360-7900 (Phone)
(973) 301-8410 (Facsimile)
Philip R. Sellinger (PS-9369)
Laurie A. Poulos (LP-6897)
Attorneys for Plaintiffs, Cellco Partnership d/b/a Verizon Wireless,
Telesector Resources Group, Inc. d/b/a Verizon Services Group,
Verizon Data Services Inc., and Verizon Services Corp.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **Cellco Partnership d/b/a Verizon Wireless, Telesector Resources Group, Inc. d/b/a Verizon Services Group, Verizon Data Services Inc., and Verizon Services Corp.,** | : **Civil Action** |
| | : |
| **Plaintiffs,** | : **VERIFIED COMPLAINT FOR DAMAGES, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, JURY DEMAND and CERTIFICATIONS (LOCAL RULES 11.2 AND 201.1(d)(3))** |
| | : |
| **vs.** | : |
| | : |
| **Worldwide Investigations, Inc., DWC Research, Inc., SRG a/k/a Delphi Global Solutions, Inc. d/b/a Strategic Recovery Group, John Strange, individually and as an officer of Worldwide Investigations, Inc., Toni A. Capen, individually and as an officer of DWC Research, Inc., John R. Sloan, individually and  as an officer of SRG, John Doe No. 1 (a/k/a harley@aol.com), John Doe No. 2 (a/k/a harley69@aol.com), John Doe No. 3 (a/k/a adwhitebird9@yahoo.com), John Doe No. 4 (a/k/a freefalling980@yahoo.com), and John Doe Nos. 5-50,** | : |
| | : |
| **Defendants.** | : |

Plaintiffs (collectively "Plaintiffs" or "the Companies") Telesector Resources Group, Inc.

d/b/a Verizon Services Group, Verizon Data Services Inc., and Verizon Services Corp.

(collectively "Verizon"), and Cellco Partnership d/b/a Verizon Wireless (hereinafter "Verizon Wireless"), by and through their undersigned counsel, bring this Complaint against Defendants Worldwide Investigations, Inc., DWC Research, Inc., SRG a/k/a Delphi Global Solutions, Inc. d/b/a Strategic Recovery Group, John Strange, individually and as an officer of Worldwide Investigations, Inc., Toni A. Capen, individually and as an officer of DWC Research, Inc., John R. Sloan, individually and as an officer of SRG, John Doe No. 1 (a/k/a harley@aol.com), John Doe No. 2 (a/k/a harley69@aol.com), John Doe No. 3 (a/k/a adwhitebird9@yahoo.com), John Doe No. 4 (a/k/a freefalling980@yahoo.com), and John Doe Nos. 5-50 (collectively "Defendants"), and allege as follows:

## NATURE OF THE ACTION

1.      The Companies bring this action to stop Defendants from intentionally, fraudulently and illegally accessing Plaintiffs' confidential business records containing, among other things, customer account information, through unlawful access to Plaintiffs' computers and data storage facilities, and to recover damages suffered as a result of such unlawful access.

2.      Verizon and Verizon Wireless provide customers with online access to their customer account records through the Internet.  The Companies take reasonable precautions and comply with all applicable laws to safeguard business records that contain confidential customer information, including details of customer calls.  As detailed below, each time customers access their accounts, they must enter confidential personal and/or account information, in order to verify that they are the customers of record and have the authority to access account information.

3.      In an attempt to circumvent the Companies' safeguards, Defendants, their principals, agents and/or representatives, have wrongfully accessed Verizon and/or Verizon Wireless' computers without authorization and thereby fraudulently gained access to Plaintiffs' business records.  These business records contain confidential customer information, including

customer billing records, and, in some cases, details of calls made by customers, in the form of online account information stored in the Companies' computer networks. Defendants have accessed such records through fraud and deception by engaging in "pretexting" (i.e., misrepresenting themselves to be the customer or a person authorized to obtain information on the customer's account) in order to obtain unauthorized online access to Plaintiffs' business records. Specifically, Defendants have established unauthorized online customer accounts and/or altered existing online customer accounts by accessing Plaintiffs' websites and then providing the customer telephone number and confidential customer personal and/or account information that the Companies require for authentication and account access. After fraudulently establishing these online accounts, Defendants were able to access Plaintiffs' computer systems to obtain Plaintiffs' business records containing confidential customer information. Defendants' actions were taken without authorization from either the Plaintiffs or the customers whose accounts were accessed.

4. Defendants' actions invade the privacy of customers, compromise the security of Plaintiffs' confidential business records, jeopardize the reputation of Verizon and Verizon Wireless and their relationships with customers, and cause economic damage to the Companies by causing the Companies to expend resources to identify the specific instances of unauthorized access, reset the accounts, notify the affected customers, restore the security breached by the unlawful access, and otherwise respond as necessary to protect the security of their data and customers' privacy.

5. Plaintiffs bring this action: (a) to enjoin Defendants, and others acting under their control or on their behalf, from engaging in further improper and unlawful conduct aimed at obtaining confidential customer information; (b) to seek replevin of all of Plaintiffs' confidential

3

business records in the possession of Defendants, regardless of the form or manner of storage, including without limitation records of customer information existing on Defendants' computers and/or on other electronic media; (c) to obtain from Defendants the identities of their customers, of others acting in concert with or on behalf of Defendants, and of all persons or entities to whom they have communicated or transferred any of Plaintiffs' business records or customer information; (d) to seek an order requiring Defendants to account for and to disgorge all profits obtained as a result of their fraud and/or conversion of Plaintiffs' business records containing confidential customer information; (e) to seek compensation for the damages caused by Defendants' illegal and/or fraudulent conduct; and (f) to obtain such other and further relief as the Court deems equitable and appropriate, including punitive or exemplary damages and costs and attorneys' fees as directed by law.

## PARTIES

6.      Verizon Wireless is a Delaware general partnership with its principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920.

7.      Telesector Resources Group, Inc. d/b/a Verizon Services Group is a corporation with its principal place of business at 140 West Street, New York, New York 10007, and with operations at One Verizon Way, Basking Ridge, New Jersey 07920.

8.      Verizon Data Services Inc. is a corporation with its principal place of business at One East Telecom Parkway, Mail Code B3E, Temple Terrace, Florida 33637, and with officers and employees at One Verizon Way, Basking Ridge, New Jersey 07920.

9.      Verizon Services Corp. is a corporation with its principal place of business at 1310 North Court House Road, Arlington, Virginia 22201, and with operations at One Verizon Way, Basking Ridge, New Jersey 07920.

10.     Plaintiffs Telesector Resources Group, Inc. d/b/a Verizon Services Group, Verizon Data Services Inc., and Verizon Services Corp. all provide support to the Verizon local and long distance telephone companies, which are subsidiaries of Verizon Communications Inc. that provide telecommunications services to Verizon customers throughout the country, including in New Jersey.  The Verizon Plaintiffs own the servers that operate Verizon.com, a website that provides the Verizon local and long distance companies' residential consumer and small business customers with online access to their accounts.

### Defendant Worldwide Investigations, Inc.

11.     Upon information and belief, Defendant Worldwide Investigations, Inc. is a Colorado corporation with its principal place of business in Frederick, Colorado.  Upon information and belief, Defendant Worldwide Investigations is using or has used or otherwise has been associated with aliases, including usaskiptrace.com and Deadbeat Locators.  Upon information and belief, Defendant Worldwide Investigations is the owner and operator of the computer associated with the IP address 66.180.125.217.

12.     Upon further information and belief, Defendant Worldwide Investigations, on its own or in concert with one or more Defendants, used the computer associated with this IP address, and potentially other computers, to access Verizon Wireless' computer systems and to establish or alter, without authorization, numerous online customer accounts, and to obtain unauthorized access to Verizon Wireless' business records containing confidential customer information for those accounts.  Defendant Worldwide Investigations provided the e-mail addresses badapples04@yahoo.com, eligarcar@excite.com, freefalling1964@yahoo.com, goldwing20045@yahoo.com and lee3530541@yahoo.com, and potentially other e-mail addresses, to establish online accounts used to access these records.

5

13.     Some of these same e-mail addresses, (specifically, badapples04@yahoo.com and eligarcar@excite.com), and potentially others, also were provided by a person or persons establishing unauthorized online accounts that were used to access business records maintained on Verizon's computer systems, including records of New Jersey customers' accounts. On information and belief, Defendant Worldwide Investigations, on its own or in concert with one or more Defendants, was the entity that provided these e-mail addresses and accessed Verizon business records without authorization, using the computer associated with the IP address 66.180.125.217 and/or other computers associated with different IP addresses.

### Defendant DWC Research, Inc. ("DWC")

14.     Upon information and belief, DWC is a Florida corporation with its principal place of business in Tampa, Florida. Upon information and belief, Defendant DWC is the owner and operator of the computer associated with the IP address 216.85.94.194. Upon further information and belief, Defendant DWC, on its own or in concert with one or more Defendants, used the computer associated with this IP address, and potentially other computers, to access Verizon Wireless' computer systems and to establish or alter, without authorization, numerous online customer accounts, and to obtain unauthorized access to Verizon Wireless' business records containing confidential customer information for those accounts. Defendant DWC provided the e-mail addresses appletree7654@yahoo.com and badapples04@yahoo.com, and potentially other e-mail addresses, to establish unauthorized online accounts used to access these records.

15.     Some of these same e-mail addresses (specifically, badapples04@yahoo.com), and potentially others, also were provided by a person or persons establishing unauthorized online accounts that were used to access business records maintained on Verizon's computer

6

systems, including records of New Jersey customers' accounts. On information and belief, Defendant DWC, on its own and/or in concert with one or more Defendants, was the entity that provided these e-mail addresses and accessed Verizon business records without authorization, using the computer associated with the IP address 216.85.94.194 and/or other computers associated with different IP addresses.

### Defendant SRG a/k/a Delphi Global Solutions, Inc. d/b/a Strategic Recovery Group ("SRG")

16.    Upon information and belief, Defendant SRG is a Texas corporation with its principal place of business in Roanoke, Texas. Upon information and belief, Defendant SRG is using or has used or otherwise has been associated with aliases, including, RightLeads.com. Upon information and belief, SRG's registered address is in Dallas, Texas. Upon information and belief, Defendant SRG is the owner and operator of the computer associated with the IP address 216.84.63.66. Upon further information and belief, SRG, on its own or in concert with one or more Defendants, used the computer associated with this IP address, and potentially other computers, to access Verizon Wireless' computer systems and to establish or alter, without authorization, numerous online customer accounts, and to obtain unauthorized access to Verizon Wireless' business records containing confidential customer information for those accounts. Defendant SRG provided the e-mail addresses fashizzo1@juno.com, fasizo25@juno.com, gschoch969@yahoo.com, and williamsercy@sbcglobal.net, and potentially other e-mail addresses, to establish unauthorized online accounts used to access these records.

17.    Some of these same e-mail addresses (specifically, fashizzo1@juno.com), and potentially others, also were provided by a person or persons establishing unauthorized online accounts that were used to access business records maintained on Verizon's computer systems, including records of New Jersey customers' accounts. On information and belief, Defendant

7

SRG, on its own and/or in concert with one or more Defendants, was the entity that provided these e-mail addresses and accessed Verizon business records without authorization, using the computer associated with the IP address 216.84.63.66 and/or other computers associated with different IP addresses.

### The Individual Defendants

18.     Upon information and belief, John Strange is an officer of Worldwide Investigations, and a resident of the State of Colorado.  Strange, individually and as a corporate officer of Worldwide Investigations, performed, directed and/or controlled the acts and practices of Worldwide Investigations, including the acts and practices alleged herein.

19.     Upon information and belief, Toni A. Capen ("Capen") is an officer of DWC, and a resident of the State of Florida.  Capen, individually and as a corporate officer of DWC, performed, directed and/or controlled the acts and practices of DWC, including the acts and practices alleged herein.

20.     Upon information and belief, John R. Sloan ("Sloan") is an officer of SRG, and a resident of the State of Texas.  Sloan, individually and as a corporate officer of SRG, performed, directed and/or controlled the acts and practices of SRG, including the acts and practices alleged herein.

### Defendant John Doe No. 1

21.     Defendant John Doe No. 1, whose identity and address are presently unknown to Plaintiffs, is an individual who, or entity that, upon information and belief, has illicitly accessed Plaintiffs' protected computers and data storage facilities to obtain the business records containing confidential customer information from these computer and data storage facilities. Upon information and belief, Defendant John Doe No. 1, either individually or in concert with

one or more other Defendants, accessed Verizon Wireless' computer systems and established or altered, without authorization, numerous online customer accounts, and then obtained unauthorized access to Verizon Wireless' business records containing confidential customer information for those accounts. Defendant John Doe No. 1 provided the e-mail address harley@aol.com, and potentially other e-mail addresses, in connection with the unauthorized online accounts. Verizon Wireless has determined the IP addresses from which John Doe No. 1 accessed, without authorization, the online customer accounts of Verizon Wireless customers in connection with the e-mail address harley@aol.com.

22.     The e-mail address harley@aol.com also was provided by a person or persons establishing unauthorized online accounts that were used to access business records maintained on Verizon's computer systems, including records of New Jersey customers' accounts. On information and belief, Defendant John Doe No. 1, on its own or in concert with one or more Defendants, was the entity that provided the e-mail address harley@aol.com and accessed Verizon business records without authorization, using the computers associated with the same IP addresses as were used to access Verizon Wireless accounts and/or other computers associated with different IP addresses. However, without discovery, Plaintiffs are unable to identify the persons associated with these IP addresses.

**Defendant John Doe No. 2**

23.     Defendant John Doe No. 2, whose identity and address are presently unknown to Plaintiffs, is an individual who, or entity that, upon information and belief, has illicitly accessed Plaintiffs' protected computers and data storage facilities to obtain the business records containing confidential customer information from these computer and data storage facilities. Upon information and belief, Defendant John Doe No. 2, either individually or in concert with

9

one or more other Defendants, accessed Verizon Wireless' computer systems and established or

altered, without authorization, numerous online customer accounts, and then obtained

unauthorized access to Verizon Wireless' business records containing confidential customer

information for those accounts. Defendant John Doe No. 2 provided the e-mail address

harley69@aol.com, and potentially other e-mail addresses, in connection with the unauthorized

online accounts. Verizon Wireless also has determined the IP addresses from which John Doe

No. 2 accessed, without authorization, the business records associated with online customer

accounts in connection with the e-mail address harley69@aol.com.

24.    The e-mail address harley69@aol.com also was provided by a person or persons

establishing unauthorized online accounts that were used to access business records maintained

on Verizon's computer systems, including records of New Jersey customers' accounts. On

information and belief, Defendant John Doe No. 2, on its own or in concert with one or more

Defendants, was the person that provided the e-mail address harley69@aol.com and accessed

Verizon business records without authorization, using the computers associated with the same IP

addresses as were used to access Verizon Wireless accounts and/or other computers associated

with different IP addresses. However, without discovery, Plaintiffs are unable to identify the

person associated with these IP addresses.

### Defendant John Doe No. 3

25.    Defendant John Doe No. 3, whose identity and address are presently unknown to

Plaintiffs, is an individual who, or entity that, upon information and belief, has illicitly accessed

Plaintiffs' protected computers and data storage facilities to obtain the confidential customer

information that these computer and data storage facilities contain. Upon information and

belief, Defendant John Doe No. 3, either individually or in concert with one or more other

Defendants, accessed Verizon Wireless' computer systems and established or altered, without authorization, numerous online customer accounts, and then obtained unauthorized access to Verizon Wireless' business records containing confidential customer information for those accounts. Defendant John Doe No. 3 provided the e-mail address adwhitebird9@yahoo.com, and potentially other e-mail addresses, in connection with the unauthorized online accounts. Verizon Wireless also has determined the IP addresses from which John Doe No. 3 accessed, without authorization, the business records associated with online customer accounts in connection with the e-mail address adwhitebird9@yahoo.com.

26.     The e-mail address adwhitebird9@yahoo.com also was provided by a person or persons establishing unauthorized online accounts that were used to access business records maintained on Verizon's computer systems. On information and belief, Defendant John Doe No. 3, on its own or in concert with one or more Defendants, was the person that provided the e-mail address adwhitebird9@yahoo.com and accessed Verizon business records without authorization, using the computers associated with the same IP addresses as were used to access Verizon Wireless accounts and/or other computers associated with different IP addresses. However, without discovery, Plaintiffs are unable to identify the person associated with these IP addresses.

### Defendant John Doe No. 4

27.     Defendant John Doe No. 4, whose identity and address are presently unknown to Plaintiffs, is an individual who, or entity that, upon information and belief, has illicitly accessed Plaintiffs' protected computers and data storage facilities to obtain the confidential customer information that these computer and data storage facilities contain. Upon information and belief, Defendant John Doe No. 4, either individually or in concert with one or more other Defendants,

accessed Verizon Wireless' computer systems and established or altered, without authorization, numerous online customer accounts, and then obtained unauthorized access to Verizon Wireless' business records containing confidential customer information for those accounts. Defendant John Doe No. 4 provided the e-mail address freefalling980@yahoo.com, and potentially other e-mail addresses, in connection with the unauthorized online accounts. Verizon Wireless also has determined the IP addresses from which John Doe No. 4 accessed, without authorization, the business records associated with online customer accounts in connection with the e-mail address freefalling980@yahoo.com.

28.     The e-mail address freefalling980@yahoo.com also was provided by a person or persons establishing unauthorized online accounts that were used to access business records maintained on Verizon's computer systems, including records of New Jersey customers' accounts. On information and belief, Defendant John Doe No. 4, on its own or in concert with one or more Defendants, was the person that provided the e-mail address freefalling980@yahoo.com and accessed Verizon business records without authorization, using the computers associated with the same IP addresses as were used to access Verizon Wireless accounts and/or other computers associated with different IP addresses. However, without discovery, Plaintiffs are unable to identify the person associated with these IP addresses.

**Defendants John Does Nos. 5 through 50**

29.     Defendants John Does Nos. 5 through 50, whose identities and addresses are presently unknown to Plaintiffs, are individuals who, and/or entities that, upon information and belief, have, individually or in concert with one or more other Defendants, illicitly accessed Plaintiffs' protected computers and data storage facilities to obtain and/or alter the business records containing confidential customer information from these computer and data storage

facilities. These accounts were established through deceit, trickery and dishonesty, without the Plaintiffs' or customers' permission, in order to obtain access to Plaintiffs' business records containing confidential customer information.

## JURISDICTION AND VENUE

30.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1030(g) because the action arises under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the state law claims.

31.     Venue is proper in this Court under 28 U.S.C. § 1391 because Defendants have caused tortious injury within the District of New Jersey, and because a substantial part of the events giving rise to the claim occurred in New Jersey, or were directed toward Verizon and/or Verizon Wireless in this district.

## ALLEGATIONS COMMON TO ALL CLAIMS

32.     Verizon and Verizon Wireless provide customers with certain online account management services. Through these online services, customers are able to manage their telephone accounts over the Internet and to obtain access to certain account information online, including, in some instances, call detail and billing records (but not other personal identifying information, such as full social security numbers, or usable credit card or bank account information). In order to use these online services, customers must establish an online customer account associated with their telephone number.

33.     Verizon and Verizon Wireless are committed to protecting the integrity of the systems that provide customers with online access to this account information and the Companies take reasonable precautions to safeguard their business records that contain confidential customer information. A customer cannot establish an online account until he or she

13

has been fully verified by the online system by providing certain personal identifying information. Once an account is established, a password is assigned to that account. If a customer, however, forgets his or her password, the customer can initiate a password reset by a procedure that requires the customer again to be verified by providing certain personal identifying information.

34.     Once established, an online account allows the user to obtain immediate access to certain confidential customer information, including copies of recent bills associated with the telephone number. The online bill in many cases contains call detail for long-distance and toll calls, and other customer proprietary network information, such as the type of services and billing amounts associated with the telephone number.

35.     Although Verizon and Verizon Wireless have a number of safeguards in place to protect against third parties' improperly establishing or altering passwords for online customer accounts, Defendants used deceit, trickery, and dishonesty to circumvent those safeguards and to establish or alter online customer accounts without authorization. Specifically, Defendants, without authorization, established or altered numerous online customer accounts by accessing a Verizon and/or Verizon Wireless website and providing the customers' telephone numbers and other required personal identifying information. After fraudulently establishing or altering these online accounts, Defendants were able to access Plaintiffs' computer systems and thereby gain access to Plaintiffs' business records containing confidential customer information.

36.     Defendants do not have authorization to access Plaintiffs' business records or confidential customer account information from Plaintiffs or from authorized customers, or through any mechanism authorized or implied by law. Thus, Defendants cannot lawfully access Plaintiffs' protected computers, business records, or customer account information.

37.     When establishing or altering online customer accounts, Defendants entered fictitious e-mail addresses to be associated with the accounts, and in many cases used the same or similar e-mail addresses in connection with numerous accounts that are otherwise not related.

38.     Plaintiffs are also able to identify, in many instances, the IP addresses associated with the computers that have been used to access these online accounts, including the IP addresses associated with the computers that Defendants used to establish or alter online accounts without authorization.

39.     Based on its investigation, Plaintiffs believe that a computer associated with the IP address 66.180.215.217 was used to establish or alter numerous online accounts without authorization. According to the Internet registry arin.net, a regional Internet registry website responsible for the registration, administration and stewardship of Internet number resources, including the allocation and assignment of IP address space, and based on information and belief, the IP address 66.180.215.217 is assigned to Defendant Worldwide Investigations. Among the e-mail addresses that were entered in connection with numerous Verizon Wireless accounts, which were accessed from a computer associated with IP address 66.180.215.127, are: badapples04@yahoo.com, eligarcar@excite.com, freefalling1964@yahoo.com, goldwing20045@yahoo.com and lee3530541@yahoo.com.  For example, the e-mail address eligarcar@excite.com was entered in connection with at least 583 different and otherwise unrelated Verizon Wireless online accounts.  On information and belief, Defendant Worldwide Investigations, on its own or in concert with one or more Defendants, used these e-mail addresses and the computer associated with the IP address 66.180.125.217 and/or other IP addresses in order to establish unauthorized Verizon online accounts and to access Verizon business records containing information on customer accounts as well.  For example, at least two

15

of these e-mail addresses, badapples04@yahoo.com and eligarcar@excite.com, also were entered in connection with numerous online accounts maintained on Verizon's computer systems. Specifically, the e-mail address eligarcar@excite.com was used in connection with at least 240 different Verizon online accounts.

40. Similarly, Plaintiffs believe that a computer associated with the IP address 216.85.94.194 was used to establish or alter numerous online accounts without authorization. According to the Internet registry arin.net, and based on information and belief, the IP address 216.85.94.194 is assigned to Defendant DWC. Among the e-mail addresses that were entered in connection with numerous Verizon Wireless accounts, which were accessed from a computer associated with IP address 216.85.94.194, are: appletree7654@yahoo.com, badapples04@yahoo.com, and brownapples04@yahoo.com. For example, the e-mail address appletree7654@yahoo.com was entered in connection with at least 173 different and otherwise unrelated Verizon Wireless online accounts. On information and belief, DWC, on its own or in concert with one or more Defendants, provided these e-mail addresses and used the computer associated with the IP address 216.85.94.194 and/or other IP addresses in order to establish unauthorized Verizon online accounts used to access Verizon business records containing information on customer accounts as well. For example, the e-mail address badapples04@yahoo.com was used in connection with more than 60 different Verizon online accounts.

41. Similarly, Plaintiffs believe that a computer associated with the IP address 216.84.63.66 was used to establish or alter numerous online accounts without authorization. According to the Internet registry arin.net, and based on information and belief, the IP address 216.84.63.66 is assigned to Defendant SRG. Among the e-mail addresses that were entered in

16

connection with numerous Verizon Wireless accounts, which were accessed from a computer associated with IP address 216.84.63.66, are: fashizzo1@juno.com, fasizo25@juno.com, gschoch969@yahoo.com, and williamsercy@sbcglobal.net. For example, the e-mail address fashizzo1@juno.com was used in connection with at least 10 different and otherwise unrelated Verizon Wireless online accounts. On information and belief, SRG, on its own or in concert with one or more Defendants, used these e-mail addresses and the computer associated with the IP address 216.84.63.66 and/or other IP addresses in order to establish unauthorized Verizon online accounts and to access Verizon business records containing information on customer accounts as well. For example, the e-mail address fashizzo1@juno.com also was associated with more than 25 different Verizon online accounts.

42. Upon information and belief, John Does 1-50 each established or altered numerous online accounts without authorization. The e-mail addresses that each of the John Doe defendants entered when establishing or altering online accounts were each associated with a large number of otherwise unrelated accounts on the Verizon and/or Verizon Wireless computer systems. Although Plaintiffs have identified numerous IP addresses from which the John Doe defendants obtained unauthorized access to business records containing customer information from Verizon and/or Verizon Wireless, without discovery from the Internet Service Providers that own and assign these IP addresses to their own customers, Plaintiffs are unable to identify the John Doe Defendants.

43. Upon information and belief, Defendants have wrongfully obtained Plaintiffs' business records and confidential customer information. Defendants have engaged in improper and unlawful acts in an attempt to gain access to Plaintiffs' computer systems, business records, and confidential customer information to which they are not entitled to the extreme detriment of

Plaintiffs and customers and, unless they are immediately restrained and enjoined from doing so, Defendants will continue to do to so. Moreover, Defendants' abuse of Plaintiffs' customer service and online customer account operations violates customers' privacy and, by causing Plaintiffs to expend resources to investigate Defendants' misconduct and remediate the Companies' systems, Defendants' fraudulent conduct threatens to detract from the services provided by Plaintiffs to legitimate customers with genuine inquiries.

44.     Verizon and Verizon Wireless each have been forced to expend resources, in excess of $5,000.00 for each individual Defendant accessing their accounts, in investigating the fraudulent activities associated with Defendants' unauthorized access to their computer systems, business records, and online customer accounts and in remediating their systems and in making sure that customer relationships are not impaired.

45.     Verizon and Verizon Wireless have been irreparably harmed in a number of ways by Defendants' unscrupulous practices, including the following:

(a)     Defendants' actions have given them unlawful access to Plaintiffs' computer systems and confidential business records, and invaded the privacy of customers;

(b)     Verizon's and Verizon Wireless' reputation has been harmed and the goodwill associated with it has been tarnished to a degree and extent that is not quantifiable and therefore not compensable with monetary damages; and

(c)     Verizon's and Verizon Wireless' online service operations have been compromised by Defendants' abuse of its systems.

## COUNT ONE
### (The Computer Fraud and Abuse Act, 18 U.S.C. § 1030)

46.     Plaintiffs hereby incorporate by reference and reallege each and every allegation of the prior paragraphs of the Complaint as if set forth completely herein.

47.     Plaintiffs own and maintain certain "protected computers" within the meaning of 18 U.S.C. § 1030 (e)(2). These protected computers consist of high-speed data processing devices performing storage functions that are used in interstate or foreign commerce or communication or which affect interstate or foreign commerce and communication. These protected computers contain Plaintiffs' business records, which protect confidential customer information.

48.     Defendants intentionally accessed Plaintiffs' computers without authorization, causing damage by impairing the integrity of Plaintiffs' business records and online account services through the unauthorized creation or access of online customer accounts containing false and inaccurate information, in violation of 18 U.S.C. § 1030(a)(5)(A)(iii).

49.     By way of conduct involving interstate communication, Defendants intentionally accessed Plaintiffs' computers without authorization and/or altered data thereon, and thereby obtained information from a protected computer in violation of 18 U.S.C. § 1030(a)(2)(C).

50.     Defendants also knowingly and with intent to defraud accessed Plaintiffs' protected computers without authorization thereby obtaining access to something of value – namely, the business records containing confidential customer information – in violation of 18 U.S.C. § 1030(a)(4).

51.     As a result of the conduct described above, each of the Defendants caused loss to Plaintiffs during the past year aggregating at least $5,000 in value, in violation of 18 U.S.C. § 1030(5)(B)(i).

## COUNT TWO
### (Computer Related Offenses Act, N.J.S.A. 2A:38A-1)

52.     Plaintiffs hereby incorporate by reference and reallege each and every allegation of the prior paragraphs of the Complaint as if set forth completely herein.

53.     The Defendants, purposefully or knowingly and without authorization, accessed, or attempted to access, Plaintiffs' computer systems or computer networks.

54.     The Defendants, purposefully or knowingly, accessed and obtained data from Plaintiffs' computers, in violation of the Computer Related Offenses Act.

55.     Plaintiffs have been damaged in their business or property as a result of the Defendants' foregoing conduct.

## COUNT THREE
### (Fraud)

56.     Plaintiffs hereby incorporate by reference and reallege each and every allegation of the prior paragraphs of the Complaint as if set forth completely herein.

57.     By posing as customers with legitimate access to Verizon and/or Verizon Wireless business records containing confidential customer information, and establishing unauthorized online accounts associated with those customers' telephone numbers, Defendants, by and through their employees and agents, have made numerous false statements of fact.

58.     By accessing Plaintiffs' computer systems and providing confidential customer details to Plaintiffs to bypass security measures and either establishing or accessing online accounts of Verizon and/or Verizon Wireless customers without the authority to do so, Defendants, by and through their employees and agents, have made numerous false statements of fact.

59.     These statements were known by Defendants to be false when made.

60.     Defendants intended Plaintiffs to rely on these statements.

61.     Defendants have acted willfully, wantonly, and with malice.

62.     Plaintiffs reasonably relied upon Defendants' false statements, and have been irreparably harmed and damaged as a result.

63.     If Defendants are not enjoined, Defendants will continue to engage in fraudulent conduct and thereby cause irreparable harm to Plaintiffs.

## COUNT FOUR
### (Conversion)

64.     Plaintiffs hereby incorporate by reference and reallege each and every allegation of the prior paragraphs of the Complaint as if set forth completely herein.

65.     On information and belief, Defendants have received and are in possession of Plaintiffs' business records and confidential customer information to which they are not entitled.

66.     By commercially utilizing Verizon's and/or Verizon Wireless' business records containing confidential customer information and providing it to third parties, Defendants wrongfully have exercised dominion and control over Plaintiffs' property, thereby depriving Plaintiffs of their ownership interest.  Defendants are not entitled to use Plaintiffs' property in any way.

67.     Such actions constitute a conversion of property rightfully belonging to Plaintiffs.

68.     Defendants have acted willfully, wantonly, and with malice.

69.     As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered irreparable harm and damages in an amount to be proved at trial.

70.     Unless they are enjoined, Defendants will continue to convert Plaintiffs' business records and confidential customer information and thereby cause irreparable harm to Plaintiffs.

## COUNT FIVE
### (Unfair Competition and Trade Practices)

71.     Plaintiffs hereby incorporate by reference and reallege each and every allegation of the prior paragraphs of the Complaint as if set forth completely herein.

72.     Defendants' behavior constitutes an unconscionable act and practice, and an unfair and deceptive act and practice, in the conduct of trade and commerce.

73.     Plaintiffs have expended millions of dollars every year to protect their business records and confidential customer information.

74.     Defendants have engaged in a course of conduct that is intentionally and foreseeably calculated to undermine and/or destroy Plaintiffs' rights to fully benefit from their ownership rights in and to Plaintiffs' business records containing confidential customer information.

75.     Defendants intended thereby to seize the value of Plaintiffs' business records and confidential customer information for their own benefit and indirectly for the benefit of their clients.

76.     In furtherance of their scheme of unfair competition, Defendants have engaged in the following conduct:

(a)     Misappropriating Verizon's and/or Verizon Wireless' business records, which contain confidential customer information;

(b)     Violating confidentiality provisions between Plaintiffs and customers;

(c)     Inducing and encouraging others to violate confidentiality provisions and to misappropriate Plaintiffs' business records containing confidential customer information;

(d)     Using deceptive means and practices in dealing with Plaintiffs; and

(e)    Other methods of unlawful and/or unfair competition.

77.    Defendants have acted willfully, wantonly, and with malice.

78.    Unless they are enjoined, Defendants will continue to cause Plaintiffs irreparable harm.

79.    As a result of Defendants' behavior, Plaintiffs have been irreparably harmed and damaged.

## COUNT SIX
### (Civil Conspiracy)

80.    Plaintiffs hereby incorporate by reference and reallege each and every allegation of the prior paragraphs of the Complaint as if set forth completely herein.

81.    Upon information and belief, Defendants are in the business of selling the business records obtained from Plaintiffs, and/or the information contained in such records, to third parties who hire the Defendants to obtain information on specific customers.

82.    In some cases, Defendants used the same IP addresses as other Defendants to access Plaintiffs' business records without authorization.  Some Defendants provided e-mail addresses to establish fraudulent online accounts that were the same as, or similar to, e-mail addresses used by other Defendants to establish other fraudulent online accounts.

83.    Upon information and belief, in connection with the foregoing actions, Defendants have entered into agreements or confederations with each other and/or with third parties with a common design to engage in an unlawful purpose of converting Plaintiffs' business records containing confidential customer information, through fraud and/or other unlawful means, which agreement has caused Plaintiffs to suffer irreparable harm and damages.

84.    Defendants have acted willfully, wantonly, and with malice.

85.     In engaging in the foregoing conduct, one or more of the Defendants have engaged in overt acts in furtherance of the conspiracy, which have been the actual and proximate cause of damage to Plaintiffs.

## COUNT SEVEN
### (Replevin)

86.     Plaintiffs hereby incorporate by reference and reallege each and every allegation of the prior paragraphs of the Complaint as if set forth completely herein.

87.     Defendants have unlawfully received and unlawfully possess Plaintiffs' business records containing customer information to which they are not entitled.

88.     The property consists of any of Plaintiffs' business records, including records containing confidential information pertaining to customers served by Plaintiffs, and recorded in written form by Defendants, including but not limited to the customers' names, home addresses, calling records, billing addresses, billing records, and telephone numbers. The value of Plaintiffs' property is immeasurable and is difficult to ascertain with certainty.

89.     The property has not been taken under an execution or attachment against Plaintiffs' property.

90.     Plaintiffs are entitled to immediate possession of their business records, which contain confidential customer information, as the rightful owners of the property and because Defendants are engaging in conduct that places the records and confidential information in danger of improperly being used, copied, sold, or otherwise disclosed to third parties.

91.     Plaintiffs are entitled to replevin of all of their business records containing customer information in the possession of the Defendants, regardless of form or manner of storage, including without limitation customer information existing on Defendants' computers and hard drives.

## COUNT EIGHT
**(Trespass to Chattels)**

92.     Plaintiffs hereby incorporate by reference and reallege each and every allegation of the prior paragraphs of the Complaint as if set forth completely herein.

93.     By commercially utilizing Verizon's and/or Verizon Wireless' business records containing confidential customer information and providing it to third parties, Defendants have wrongfully exercised dominion over and/or intermeddled with Plaintiffs' chattels and thereby caused harm to Plaintiffs.

94.     Such actions constitute a trespass to Plaintiffs' chattels.

95.     Defendants have acted willfully, wantonly, and with malice.

96.     As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered irreparable harm and damages in an amount to be proved at trial.

97.     Unless they are enjoined, Defendants will continue to trespass upon Plaintiffs' chattels and thereby cause irreparable harm to Plaintiffs.

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendants as follows:

  (a)     That Defendants and any of their directors, officers, agents, servants, and employees, and those persons and entities in active concert or participation with them, be preliminarily and permanently enjoined from:

  (i)     attempting, directly or indirectly, to access Plaintiffs' computers and/or business records, for the purpose of obtaining any information from Verizon or Verizon Wireless regarding any of their customers;

(ii)    providing any Verizon or Verizon Wireless business records, or any information containing confidential customer information currently in their possession, to any third parties for any reason;

(iii)    advertising that Defendants can or will obtain information regarding telephone subscribers, including but not limited to making such representations on any website; and

(iv)    possessing any Verizon or Verizon Wireless business records containing confidential customer information obtained from Plaintiffs, regardless of form or manner of storage; and

(v)    disposing of any Verizon or Verizon Wireless business records containing confidential customer information, other than by returning such records to Verizon or Verizon Wireless.

(b)    That Defendants be ordered to return to Plaintiffs all business records and confidential customer information in their possession, regardless of the form or manner of storage, including all copies of such information;

(c)    That Defendants be required to account for and to disgorge all profits obtained as a result of their fraud and/or conversion of Plaintiffs' business records, and confidential customer information;

(d)    That Defendants be ordered to pay Plaintiffs compensatory and punitive damages, the cost of the suit, including a reasonable attorney's fee, and the costs of investigation and litigation, together with interest thereon; and

(e)    That Plaintiffs be granted such other and further legal and equitable relief against Defendants as the Court deems appropriate, including (i) an

accounting of each and every person or entity a) whose confidential

customer information was obtained, and b) that has been provided with

Plaintiffs' business records containing confidential customer information;

and (ii) an award of costs and attorneys' fees.

Dated: December 4, 2006

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: _____

Philip R. Sellinger (PS 9369)
Laurie A. Poulos (LP 6897)

200 Park Avenue
P.O. Box 677
Florham Park, New Jersey  07932-0677
(973) 360-7900 (Phone)
(973) 301-8410 (Facsimile)
Attorneys for Plaintiffs
Cellco Partnership d/b/a Verizon Wireless,
Telesector Resources Group, Inc. d/b/a
Verizon Services Group, Verizon Data Services Inc., and
Verizon Services Corp.

## JURY DEMAND

Plaintiffs demand a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil

Procedure for all issues so triable.

Dated: December 4, 2006

GREENBERG TRAURIG, LLP

By: _____

Philip R. Sellinger (PS 9369)
Laurie A. Poulos (LP 6897)
200 Park Avenue
P.O. Box 677
Florham Park, New Jersey  07932-0677
(973) 360-7900 (Phone)
(973) 301-8410 (Facsimile)
Attorneys for Plaintiffs
Cellco Partnership d/b/a Verizon Wireless,
Telesector Resources Group, Inc. d/b/a
Verizon Services Group, Verizon Data Services Inc., and
Verizon Services Corp.

## VERIFICATION

STATE OF NEW JERSEY   )
                          )  ss:
COUNTY OF SOMERSET   )

      I, Thomas Vincent, am a Manager – Information Technology Security for Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"), one of the plaintiffs herein.  I have read the foregoing Complaint and  based upon my own knowledge, my review of Verizon Wireless's business records and conversations with others at Verizon Wireless, the allegations with respect to Verizon Wireless are true to the best of my knowledge, information and belief.

                                                    _____
                                                        [Name]

Subscribed and sworn to
before me this *16th* day
of November 2006

_____
     Notary Public

JANE C. KRAMER
Notary Public, State of New Jersey
My Commission Expires
March 01, 2011

## VERIFICATION

STATE OF NEW JERSEY   )
                               )  ss:
COUNTY OF SOMERSET  )

     I, Laurette Bradley, am the Senior Vice President, Global Operations and Information Technology Security, for Verizon. I submit this Verification on behalf of Plaintiffs Telesector Resources Group, Inc. d/b/a Verizon Services Group, Verizon Data Services Inc., and Verizon Services Corp. (collectively, "the Verizon Plaintiffs"). I have read the foregoing Complaint and, based upon my own knowledge, my review of Verizon business records, and conversations with others at Verizon, the allegations with respect to Verizon Plaintiffs are true to the best of my knowledge, information and belief.

                                                              _____
                                                              Laurette Bradley

Subscribed and sworn to
before me this 9th day
of November 2006

_____
Notary Public

**JoAnne Ardissone**
**Notary Public, State of New Jersey**
**My Commission Expires**
**July 13, 2011**

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the within action is not the subject

of any other action pending in any Court, or of any pending arbitration or administrative

proceeding.

Dated: December 4, 2006

GREENBERG TRAURIG, LLP

By: _____

Philip R. Sellinger (PS 9369)
Laurie A. Poulos (LP 6897)
200 Park Avenue
P.O. Box 677
Florham Park, New Jersey 07932-0677
(973) 360-7900 (Phone)
(973) 301-8410 (Facsimile)
Attorneys for Plaintiffs
Cellco Partnership d/b/a Verizon Wireless,
Telesector Resources Group, Inc. d/b/a
Verizon Services Group, Verizon Data Services Inc., and
Verizon Services Corp.

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1(d)(3)**

Pursuant to Local Civil Rule 201.1(d)(3), I hereby certify that the damages recoverable in this action exceed the sum of $150,000, exclusive of interest and costs and any claim for punitive damages.

Dated: December 4, 2006

GREENBERG TRAURIG, LLP

By: _____

Philip R. Sellinger (PS 9369)
Laurie A. Poulos (LP 6897)
200 Park Avenue
P.O. Box 677
Florham Park, New Jersey 07932-0677
(973) 360-7900 (Phone)
(973) 301-8410 (Facsimile)
Attorneys for Plaintiffs
Cellco Partnership d/b/a Verizon Wireless,
Telesector Resources Group, Inc. d/b/a
Verizon Services Group, Verizon Data Services Inc., and
Verizon Services Corp.